UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KARIM ABDULLAH HASAN, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:19-CV-00100-JRG-CRW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Karim Abdullah Hasan's Motion to Alter or Amend Judgment and/or Motion to Correct a Clerical Error [Doc. 24] and the United States' Response in Opposition [Doc. 26].. For the reasons herein, the Court will deny Mr. Hasan's motion.

### I. BACKGROUND

In 2014, the United States indicted Mr. Hasan on multiple charges, including conspiring to distribute and possess with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. [Indictment, Doc. 3, at 1–2, No. 2:14-CR-00082-JRG]. Under 21 U.S.C. § 851(a), the United States went on to file a notice of its intent to rely on three prior felony drug convictions to enhance Mr. Hasan's sentence under 21 U.S.C. § 841(b)(1)(A). [Information, Doc. 55, at 1–2, No. 2:14-CR-00082-JRG]. As a result of the United States notice under § 851(a), Mr. Hasan, under then-governing law, was subject to a mandatory term of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (amended 2018).

In 2015, however, he and the United States entered into a plea agreement, in which he pleaded guilty to the lesser included offense of conspiring to distribute and possess with the intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. [Plea Agreement, Doc. 88, at 1, No. 2:14-CR-00082-JRG; Minute Entry, Doc. 91, No. 2:14-CR-00082-JRG]. Although Mr. Hasan's guilty plea to this lesser-included offense reduced his exposure from a mandatory *minimum* sentence of life imprisonment to a mandatory minimum sentence of ten years' imprisonment, he was subject to a statutory *maximum* sentence of life because of the United States' notice under § 851(a). 21 U.S.C. § 841(b)(1)(B).

At sentencing, the Court deemed him, based on his prior felony drug offenses, to be a career offender under the Sentencing Guidelines—specifically USSG § 4B1.1.[1] *See* [PSR, Doc. 108, ¶¶ 29, 36, 37, No. 2:14-CR-00082-JRG (applying the career-offender enhancement under § 4B1.1)]; *see also* [Statement of Reasons, Doc. 138, at 1, No. 2:14-CR-00082-JRG (adopting the presentence investigation report without change)]. Because his statutory maximum sentence was life, the application of § 4B1.1 increased his base offense level from twenty-eight to thirty-seven. USSG § 4B1.1(b); *see* [PSR ¶ 29; Sent. Hr'g Tr., Doc. 273, at 2:5–12]. After receiving a three-level reduction for acceptance of responsibility under USSG § 3E1.1(a) and (b), his base offense level decreased from thirty-seven to thirty-four, which was his total offense level. [PSR ¶¶ 30–32].

---

[1] USSG § 4B1.1 increases a defendant's offense level if the defendant is a "career offender." Under § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).

With a criminal history category of VI and a total offense level of thirty-four, he had a guidelines range of 262 to 327 months' imprisonment, [Statement of Reasons at 1], but the Court, in response to his motion for a variance, varied downward and sentenced him to 192 months' imprisonment, [*id.* at 3; J., Doc. 137, at 2, No. 2:14-CR-00082-JRG]. Although he did not appeal his sentence, he did move to vacate, set aside, or correct it under 28 U.S.C. § 2255. [Pet'r's Mot. to Vacate, Doc. 1]. In pursuing relief under § 2255, he raised several claims of ineffective assistance of counsel. He alleged that his attorney was ineffective because he failed to object to his three prior convictions at sentencing, failed to file a direct appeal, and failed to properly investigate his case and advise him of case law that might have been advantageous to him. [*Id.* at 4–8]. Also, in an amended motion for relief under § 2255, he challenged his status as a career offender under § 4B1.1 by relying on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), [Am. Mot. to Vacate, Doc. 8, at 1–3]. Lastly, he also filed second and third amended motions to vacate, which appear to be facsimiles of each other. *See* [Second Am. Mot. to Vacate, Doc. 10; Third Am. Mot. to Vacate, Doc. 13].

The United States opposed his motions as untimely. The Court agreed that his motions were untimely, concluded that he was not entitled to equitable tolling, and dismissed his claims with prejudice. [Mem. Op., Doc. 22; J. Order, Doc. 23]. Mr. Hasan now moves the Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) and to correct a clerical error under Federal Rule of Criminal Procedure 36. The United States argues that his motion is meritless. Having carefully considered Mr. Hasan's motion and the parties' arguments, the Court is now prepared to rule on them.

## II. LEGAL STANDARD

Rule 59(e) states that a party may move to alter or amend judgment within twenty-eight days from the entry of judgment, and it permits a court to alter judgment based on "(1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quotation omitted). A district court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion, *id.* (citation omitted), but it "run[s] contrary" to notions of "finality and repose" and is therefore "generally discouraged" and "afford[s] relief only under extraordinary circumstances." *Polzin v. Barna & Co.*, No. 3:07-cv-127, 2007 WL 4365760, at *3 (E.D. Tenn. Dec. 11, 2007).

In this vein, Rule 59(e) motion does not provide parties with "an opportunity to re-argue a case," and "parties should not use [it] to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation and quotation omitted); *see U.S. ex rel. Am. Textile Mfrs. Inst., Inc. v. Limited, Inc.*, 179 F.R.D. 541, 547 n.9 (S.D. Ohio 1998) ("FRCP 59(e) is not a means by which a party may re-litigate issues previously considered. If the movant simply regurgitates arguments previously presented or presents arguments which originally could have been argued, then the movant's proper recourse is an appeal to the circuit court." (citations omitted)).

## III. ANALYSIS

When the Court ruled that Mr. Hasan's motions under § 2255 were untimely, it made the following analysis when addressing his entitlement to equitable tolling:

> Mr. Hasan does not expressly contend that he is entitled to equitable tolling, and in fact, he appears to concede that he is not entitled to equitable tolling. [Pet'r's Reply at 1]. In lieu of a contention that equitable tolling excuses the untimeliness of his claims, he argues that the Court should view his claims as timely because

4

> "the Federal Habeas Corpus Statute permits courts to fashion relief as justice requires." [Pet'r's Reply at 1–2]. But this argument is merit-worthy only in "rare and extraordinary" cases. *Souter v. Jones,* 395 F.3d 577, 600 (6th Cir. 2005) (footnote omitted). The Sixth Circuit has held that the interests of justice warrant equitable tolling when a petitioner pleads that he is actually innocent of his crimes and supports his allegations of actual innocence with "new reliable evidence," *id. at* 590 (quoting *Schlup v. Delo,* 513 U.S. 298, 324 (1995)). But Mr. Hasan does not allege that he is actually innocent of his underlying offense. Nor can he, because during his plea colloquy he stated under oath that he was pleading guilty because he was in fact guilty, and this sworn statement forecloses him from now arguing that he is actually innocent of his underlying offense. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (recognizing that "[s]olemn declarations in open court carry a strong presumption of verity," and "the representations of the defendant . . . at [a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding"); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure [during a plea colloquy], 'the defendant is bound by his statements in response to that court's inquiry.'" (quotation omitted)). Mr. Hasan therefore fails to demonstrate that he is entitled to equitable tolling, and the Court must dismiss his claims as untimely.

[Mem. Op. at 6–7]. Now, in moving for relief under Rule 59(e), Mr. Hasan uses the Court's analysis as a sounding board because he claims—for the first time—that he is in fact "actually innocent" of the charge under §§ 841(a)(1) and 846. [Pet'r's Rule 59(e) Mot. at 15; *see id.* at 4 n.2 (alleging that he is "actually innocent of th[e] statutory crime")]. "Thus," he argues, he "should be granted equitable tolling," [*id.* at 15], and the Court should "reopen[] the section 2255 proceedings," [*id.* at 20].

The Sixth Circuit, however, has repeatedly declared that parties "may not use Rule 59 motions to 'raise arguments which could, and should, have been made before judgment issued,' and may not 'use the court as a sounding board to discover holes in their arguments, then [seek] to reopen the case by . . . tak[ing] account of the court's decision.'" *Energy Conversion Devices Liquidation Tr. v. Trima Solar Limited*, 833 F.3d 680, 691 (6th Cir. 2016) (quotation omitted). Mr. Hasan's attempt to use Rule 59(e) in this way "would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim

5

concept and risk turning Rules 59 and 60 into nullities." *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quotation omitted).[2] Even so, the Court is loath to deny his Rule 59(e) motion based solely on its procedural infirmities because the Sixth Circuit has recently suggested that courts should look past these types of infirmities when considering a pro se litigant's motion under Rule 59(e). *See United States v. Phillips*, No. 21-6068, 2022 WL 1112770, at *3 n.1 (6th Cir. Apr. 14, 2022) ("In general, a litigant must present a good excuse for raising an argument for the first time in a motion to reconsider. We reiterate, however, that courts should apply liberally the rules of preservation to pro se litigant filings." (citations omitted)). The Court, therefore, will exercise restraint and turn to the merits of Mr. Hasan's arguments.

### A. Mr. Hasan's Arguments under Rule 59(e)

Again, Rule 59(e) allows Mr. Hasan to move to alter or amend the Court's judgment on four grounds "(1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar*, 616 F.3d at 615 (quotation omitted). In asserting that he is actually innocent of his underlying offense and is therefore entitled to equitable tolling, he opts for the fourth avenue, a need "to prevent manifest injustice." [Pet'r's Rule 59(e) Mot. at 11]. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citation omitted), and the Sixth Circuit has held that the interests of justice warrant equitable tolling when a petitioner pleads that he is actually innocent of his crimes and supports his allegations

---

[2] Although Mr. Hasan also argues that the Court "could" rely on Federal Rule of Civil Procedure 60(b)(6) to "reopen[] . . . the final judgment in the section 2255 proceedings," [Pet'r's Rule 59(e) Mot. at 19], his argument under Rule 60(b)(6)—an argument that consists of a single sentence—is much too perfunctory to justify relief from the Court's judgment. In any case, for the same reasons that the Court rejects his argument of a need to prevent manifest injustice under Rule 59(e), it also rejects his argument under Rule 60(b)(6), which offers relief from a final judgment only in "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

6

of actual innocence with "new reliable evidence," *id.* at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). But as the United States correctly argues, Mr. Hasan "offers no explanation or support for [his] assertion" that he is actually innocent of his underlying offense. [United States' Resp. at 5].

Indeed, Mr. Hasan provides the Court with no "reliable evidence," or any evidence at all, to undergird his allegation of actual innocence, *Bousley*, 523 U.S. at 590, and what is more, he does not challenge his guilty plea as unknowing or involuntary, neither in his § 2255 motion nor his Rule 59(e) motion. During his plea colloquy, he stated under oath that he had read his plea agreement, that his plea agreement's factual basis was true and correct, and that he was pleading guilty because he was in fact guilty, and these sworn statements foreclose him from now arguing that he is actually innocent of his underlying offense. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity," and "the representations of the defendant . . . at [a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding."); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure [during a plea colloquy], 'the defendant is bound by his statements in response to that court's inquiry.'" (quotation omitted)). Mr. Hasan therefore fails to demonstrate that his allegations of actual innocence are sufficient to establish a need to prevent manifest injustice under Rule 59(e).

Mr. Hasan, however, also contends—for the first time—that "[an] injustice took place during sentencing" because the Court "sentenced [him] under the incorrect statutory provision and statutory range as a result of a[n] incorrect presentence report." [Pet'r's Rule 59(e) Mot. at 11]. With this contention, he appears to argue that the Court had "rejected" the United States'

7

notice under § 851(a) but, in error, calculated his guidelines range as if § 851(a)'s enhancement nonetheless applied to his sentence. [*Id.* at 5]. According to Mr. Hasan, the Court, as a result of this error, wrongly "raised [his] base offense level under USSG § 4B1.1 from 34 to 37" and increased his statutory maximum from forty years' imprisonment to life imprisonment. [*Id.* at 3 n.2, 14]. In this vein, Mr. Hasan's attorney, in moving for a variance, noted that without the enhancement under § 851, Mr. Hasan's advisory guidelines range would have been 188 to 235 months' imprisonment, instead of 262 to 327 months' imprisonment. [Def.'s Sent. Mem. & Mot. for Variance, Doc. 132, at 1, No. 2:14-CR-00082-JRG].

But as the United States rightly argues, Mr. Hasan cites no record evidence showing that the Court declined to apply § 851(a)'s enhancement to his sentence, and the Court's review of the record indicates that it did in fact apply it to his sentence. *Compare* [PSR ¶¶ 2, 18, 29, 88, 89 (relying on § 851(a)'s enhancement to calculate Mr. Hasan's career-offender guidelines range), *with* Statement of Reasons at 1 (adopting the PSR without any change)]. Although Mr. Hasan, in an attempt to show that the Court declined to apply § 851(a)'s enhanced penalty, cites to a two-page excerpt of his sentencing transcript, this excerpt consists only of a discussion of how this enhancement affected his sentence. *See* [Sent. Hr'g Tr. at 2:3 (addressing the "impact" of the enhancement)]. It contains no argument, from his attorney or the United States, that the enhancement is inapplicable and no statement that the Court rejected it. In fact, the Court acknowledged that it was "hard to second guess [the United States'] decision" to pursue the enhancement given Mr. Hasan's criminal history. [*Id.* at 3:4–5].

Besides, "an error in the application of the Sentencing Guidelines does not warrant collateral relief under § 2255 unless there is a complete miscarriage of justice," *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citation omitted), and to satisfy this "demanding

standard," Mr. Hasan must "prove [1] that he is either actually innocent of his crime or [2] that a prior conviction used to enhance his sentence has been vacated," *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019) (quotation omitted); *see Grant*, 72 F.3d at 506 (stating that an error does not rise to a complete miscarriage of justice unless it is "positively outrageous"). Mr. Hasan, however, has proven neither one. First, he has not shown that he is innocent of his underlying offense, for the reasons that the Court has already mentioned, and second, in his plea agreement, he stipulated to the prior convictions that the United States cited in its notice under § 851(a), [Plea Agreement at 5–6], and he does not now contest his plea agreement as unknowing or involuntary.

If anything, the fact that the Court varied downward and sentenced him to a term of imprisonment that was well below his guidelines range speaks to the reasonableness of his sentence, not to an error of outrageous proportions. *See United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) ("Courts have generally declined to collaterally review sentences that fall within the statutory maximum." (citations omitted)); *see also United States v. Moody*, 433 F. App'x 785, 787 (11th Cir. 2011) ("The reasonableness of a sentence may be indicated when the sentence imposed was well below the statutory maximum sentence." (citing *United States v. Gonzalez,* 550 F.3d 1319, 1324 (11th Cir. 2008))), *cert. denied*, 557 U.S. 928 (2009); *United States v. Foreman*, 401 F. App'x 102, 104 (6th Cir. 2010) ("The sentence . . . received was below the statutory maximum and was adequately supported by § 3553(a) factors. The sentence was substantively reasonable." (citing *United States v. Kontrol,* 554 F.3d 1089, 1093 (6th Cir. 2009))). In fact, the Court, in varying downward and sentencing Mr. Hasan to 192 months' imprisonment, effectively did then what Mr. Hasan is asking it to do now: sentence him within the guidelines range that would have applied if not for § 851(a)'s enhanced punishment. *See*

9

[Def.'s Mem. & Mot. for Variance at 1 (stating that Mr. Hasan's guidelines range would have been 188 to 235 months' imprisonment without § 851(a)'s enhancement)]. So, in sum, he fails to identify any manifest injustice that arose during his sentencing hearing, and he is therefore not entitled to relief under Rule 59(e).

### B. Mr. Hasan's Arguments under Criminal Rule 36

Lastly, as to Mr. Hasan's argument under Federal Rule of Criminal Procedure 36,[3] he maintains that the Court made a "mistake by relying on a[n]incorrect PSI" and proposes that the Court "could . . . correct the clerical error in the PSI that had a prejudicial affect [sic] on the sentence." [Pet'r's Rule 59(e) Mot. at 19]. He does not expressly identify this "clerical error," but it appears to be the alleged miscalculation of his guidelines range that resulted from the application of § 851(a)'s enhancement. *See* [*id.* at 13 ("The heart of the matter is Mr. Hasan was sentenced under the incorrect statutory range and statutory provision.")]. In response, the United States contends that the Court cannot use Rule 36 to rectify "substantive guidelines calculations." [United States' Resp. at 6]. The United States is correct.

Rule 36 authorizes the Court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Although the rule's plain language states that the Court has license to "correct an error in the record arising from oversight or omission," this language applies "only [to] clerical errors" arising from oversight or omission, "not [to] mistakes or omissions *by the court*." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (emphasis added) (quotation omitted). Indeed, Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing

---

[3] Incidentally, Mr. Hasan fails to address whether and how this criminal rule of procedure can apply to these § 2255 proceedings, which are civil in nature. *Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017).

10

expectations, or for the correction of errors made by the court itself." *Id.* at 656–57 (quotation and citations omitted). In other words, if a defendant contends that his "original sentence is tainted by error," as Mr. Hasan does here, "it is error 'made by the court itself,' and not subject to correction under Criminal Rule 36." *United States v. Coleman*, No. 99-5715, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000); *see United States v. Whittington*, 918 F.2d 149, 151 (11th Cir. 1990) (holding that a defendant could not use Rule 36 to "fundamentally change[] the sentence [he] had earlier received"). Mr. Hasan therefore fails to identify any clerical error that falls within the ambits of Rule 36, much less one that resulted in manifest injustice, and he is not entitled to relief under Rule 59(e).

## IV. Conclusion

As the movant for reconsideration, Mr. Hasan does not meet Rule 59(e)'s lofty burden because he fails to establish a need to prevent a manifest injustice. His Motion to Alter or Amend Judgment and/or Motion to Correct a Clerical Error [Doc. 24] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
